EDWIN ERIKSMOEN and Jennie Eriksmoen, Respondents, v. MINNIE BLANK, Appellant.

(204 N. W. 836.)

**Quieting title — complaint to cancel contract and to quiet title held to state cause of action on general demurrer.**

In an action for the cancellation of a contract for the sale of land and for quieting title as against the same, the substance of the complaint is set forth and held to state a cause of action.

Opinion filed July 15, 1925.

Quieting Titles, 32 Cyc. p. 1349 n. 19.

Appeal from the District Court of Divide County, *Lowe,* J.
Affirmed.
*Olaf Braatelien,* for appellant.
*Geo. P. Homnes,* for respondent.

BIRDZELL, J. This is an appeal from an order overruling a general

demurrer to the complaint. The complaint alleges that the plaintiffs were owners of certain real property described therein and that on a certain date they entered into a written contract with the defendant, whereby for the consideration and agreements therein specified they agreed to convey the premises to the defendant; that the contract, by its terms, provides that the defendant shall pay a balance of principal in the sum of $14,400.00 with interest at 7 per cent per annum in the following manner: By delivering to the first party at the elevator at Ambrose, North Dakota, one-half or more of all crops and small grains, sown, grown, raised and harvested each year upon said land, commencing with the crop for the year 1921, same to be delivered on or before the 1st day of December, each year, and the amount of said grain so delivered to be sold by the first party and first applied upon the interest then due, and the balance upon the principal amount of this contract; until the full amount of said $14,400.00 with interest be paid to the party of the first part or their assigns; that the contract further provided that the party of the second part pay all taxes upon the land commencing with the taxes for the year 1920 and in case of failure of said party to deliver at least one-half the crop each year as agreed, or any part thereof, or to perform any of the covenants and agreements on her part, then the whole of the payments should become immediately due and payable and the contract at the option of the first party be forfeited and terminated and the second party should forfeit all payments made by her and all right, title and interest in the premises, the first party to retain buildings, fences and improvements in satisfaction and liquidation of damages sustained, and that they should have the right to re-enter and take possession; that in the contract it was further agreed that the time to deliver the grain should be an essential part of the contract; that the defendant had made default in the terms of the contract in that for the season of 1924 the defendant entered into an agreement with a tenant upon half crop shares and delivered such tenant half the crop raised, and she permitted the remainder of the grain to be subject to a thresher's lien in the sum of $287.50 which has not been paid nor released; that by reason thereof plaintiffs have been unable to sell the one-half of the grain raised upon the premises in said season; that there remained 222 bushels of wheat subject to said thresher's lien and unavailable to the plaintiff's; that the same has

not been delivered to the plaintiffs as agreed in said contract; that the defendant failed to deliver to the plaintiffs at the elevator at Ambrose, in accordance with the contract, the crops raised upon the premises in said season and refused to deliver the same; that plaintiffs were compelled to incur the expenses of taking the same; that the defendant had failed to pay taxes on the premises for the years 1922 and 1923 and that the same remain unpaid; that the premises had been sold for said taxes; that the amount of the delinquent taxes against the property is $516.30; that the taxes for the year 1924 have not been paid. Plaintiffs have demanded that the defendants cause to be released the balance of the grain for the year 1924 from the thresher's lien and that she pay the taxes against such premises but the said defaults still exist and have not been waived by the plaintiff. It is further alleged, upon information and belief, that the defendant is unable to pay the taxes for the years 1922 and 1923 and that she will be unable to pay the taxes for the year 1924 before the same become delinquent; that she is unable to carry out the provisions of the contract as agreed, and that she has rented or will rent such premises to the tenant and that the crop will be subject to said thresher's lien and other liens; that defendant will be unable to get one-half of the crop each year free from liens as provided in said contract. The plaintiffs pray judgment that the contract be cancelled and terminated; that they be given possession of the premises and that title to the same be quieted in the plaintiffs as against the said contract, and that the payments made by the plaintiff (defendants?) be forfeited in accordance with the terms of the contract.

We are clearly of the opinion that the foregoing complaint states a cause of action for the foreclosure of land contract and for quieting title of the plaintiffs as against the same. It alleges the making of the contract, setting forth the substance thereof sufficiently to identify the contract and to indicate its character. The obligations claimed to be broken are clearly sufficiently pleaded so that the defendant should be under no disadvantage in interposing whatever defenses she might have; and the breaches of vital provisions of the contract are properly alleged. The complaint is clearly good as against the demurrer.

CHRISTIANSON, Ch. J., and BURKE, JOHNSON, and NUESSLE, JJ., concur.