[File No. 5999.]

FIRST SECURITY BANK, Underwood, N. D., a Corporation, appellant, v. OTELLIA HILLESLAND and Ole Hillesland, Respondents.

(241 N. W. 289.)

Opinion filed February 25, 1932.

*Hyland & Foster,* for appellant.

*H. E. Mielke,* for respondents.

BIRDZELL, J. This is an appeal from an order sustaining a demurrer to the complaint in an action brought to cancel a contract for the sale of land. The contract is marked exhibit A and incorporated in the complaint by reference. It is a contract between the Citizens State Bank of Douglas, North Dakota, and the defendant Otellia Hillesland and by it the Citizens State Bank (hereinafter referred to as the vendor) agrees to sell and convey Lot 10 in Block 1 of the village of Douglas to Otellia Hillesland (hereinafter referred to as the vendee) for $3250, to be paid $500 in cash at the time of the execution of the contract and $25 on the first day of each month thereafter, with the privilege of paying larger amounts in multiples of $25, with interest at the rate of 7 per cent, payable annually. The vendee agrees to pay taxes and assessments and binds herself and her heirs that should default be made in payments of principal or interest, or in case she should fail to pay taxes or assessments, the agreement at the option of the vendor should be null and void; that the payments on the land, buildings and improvements should remain the absolute property of the vendor, "its heirs, administrators and assigns." The vendor agrees upon full performance of the covenants by the purchaser to convey the land and premises to the vendee by good and sufficient deed of conveyance "with the usual covenants of general warranty." It is agreed that no sale, transfer, assignment or pledge of the contract, or any interest in the premises, shall be in any manner binding on the vendor unless it shall first consent thereto by writing.

The complaint alleges the making of the contract, the substance of its terms according to their legal effect and its assignment to the plaintiff in the following language: "That on the 16th day of November, 1926, the said Citizens State Bank executed and delivered to the Security State Bank of Underwood, N. D., a warranty deed to the said described premises and that the Security State Bank thereupon became the owner thereof, and that on the 8th day of December, 1926, the said Citizens State Bank executed to the Security State Bank a written assignment of its interest to and in the hereinbefore described contract and that subsequently thereto the said contract was assigned to, and the Security State Bank, Underwood, N. D., conveyed by warranty deed to this plaintiff the said described real property, and

that this plaintiff is now the owner and holder thereof, and that due notice was given to this defendant Otellia Hillesland of the change of ownership therein." Then it is alleged that the defendant as owner failed and neglected to pay any installments due on the contract since the month of December, 1929, and that there was due and owing on the 1st day of January, 1930, the principal sum of $1225 and that at the date of suit defendant was in default in payments on the principal sum maturing thereon on the first day of each month commencing January 1, 1930, making an aggregate of fifteen months and a total of $375 in default, no part of which had been paid. Default in the payment of taxes according to the terms of the contract before the same became delinquent is also alleged. The defendant Ole Hillesland is alleged to have or claim an interest in the premises which is alleged to be junior and inferior to the right and title of the plaintiff. The prayer for relief is for a decree cancelling, terminating and annulling the contract and the interest of the defendants therein and to the premises and that the defendants be required to surrender up and deliver the premises to the plaintiff with any and all improvements and buildings thereon or attached thereto prior or subsequent to the date of said contract and that the same be adjudged to be the absolute property of the plaintiff and that the plaintiff be adjudged to be entitled to retain the money theretofore paid according to the terms of the contract. To this complaint the defendants demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action. The trial court sustained the demurrer. In a memorandum opinion the grounds of the ruling are stated as follows:

"The only question as it appears to the court is whether the law requires the defendant to accept the plaintiff in lieu of the Citizens State Bank of Douglas with whom defendants had a contract for deed.

"It appears to the court that the Citizens State Bank agreed with the defendants that on payment for the property they would give to the defendants a 'sufficient deed of conveyance with the usual covenant of general warranty.' This, of course, includes warranty against incumbrances. (N. D. Comp. Laws 1913, § 5958.) It seems to be the law that such a contract as this is not assignable so far as the covenant against incumbrances is concerned. In other words, should the de-

fendants pay for this land, they are entitled to a deed of warranty against incumbrances from the persons with whom they dealt, that is, the Citizens State Bank, and there is nothing in the assignment to compel the First Security Bank to give such a deed, and there is nothing in the law requiring them to, or requiring the defendants to accept such a deed from them. Therefore, the demurrer should, and will be sustained."

The respondents have assigned six reasons why the complaint is demurrable which we will consider seriatim: (1) "There are no allegations in the complaint alleging that the plaintiff has any assignment of or any interest in the contract at bar." The fourth paragraph of the complaint is partially quoted above and this clearly and sufficiently alleges an assignment to the plaintiff.

(2) "The plaintiff has not alleged that it has assumed any obligation or burden in regard to the contract; that it is ready, able and willing to convey in conformity therewith." Such an allegation is not necessary. The plaintiff is not attempting to recover damages or any portion of the unpaid purchase price. It merely alleges the defaults of the defendant and seeks to avail itself of the benefit of that portion of the contract authorizing cancellation for defaults. Eriksmoen v. Blank, 53 N. D. 21, 204 N. W. 836.

(3) "That this contract for deed is not assignable, especially not from an assignee to a third party, the plaintiff, as was perhaps intended, although the complaint is not clear as to this.

"No consent to assignment by the defendants having been alleged in the complaint and covenants against incumbrances and seisin are not assignable as a matter of law." A contract for deed in so far as it expresses the obligation of the purchaser to pay installments on the price is a chose or thing in action and transferable as such. (Comp. Laws 1913, §§ 5445, 5446 and 5783.) A transfer of the benefits of such a contract does not require the consent of the obligor and consequently consent need not be alleged. Whether covenants of seisin and against incumbrances are assignable or not assignable, is another matter.

(4) "Plaintiff has not affirmatively alleged in the complaint certain conditions precedent to action for rescission to entitle it to have a

rescission, namely, tender of performance, or ability and willingness to perform." One having a right to rescind a contract and seeking to avail himself of that right need not tender performance. Rescission is a remedy in negation of performance and since it cannot, therefore, result in performance, allegations looking to that end would be wholly inconsistent with the remedy sought and have no place in the complaint.

(5) "The contract is not subject to cancellation or rescission by an assignee or third party by the terms thereof." There are no terms of this contract that prevent the assignment or transfer of the benefits by the vendor, nor that prevent an assignee from succeeding to whatever remedies the assignor had for breaches or defaults by the vendee.

(6) "The complaint shows by its allegations that the vendor is so divested of title as to put it beyond its (vendor's) control and, therefore, the vendor cannot perform and the plaintiff, even if it was an assignee or third party, can have no cause of action." This raises the question that was apparently thought by the trial court to be decisive and is the question upon which the complaint may well be tested upon its merits.

So far as the allegations in the complaint are concerned, there is no basis for the assumption that the vendor, by assigning the contract and deeding the premises to another, put it out of its power to fully perform its contract with the vendee. There is nothing in the complaint to indicate that the present plaintiff does not hold the contract and the premises subject to the contract rights of the vendee or that the vendee may not upon performing enjoy the full benefit of performance by the vendor. Should the vendee perform her contract by making the stipulated payments (if she still has the right to do so), the vendor might of course be called upon to specifically perform the contract on its part. (See Skinner v. Scholes, 59 N. D. 181, 229 N. W. 114.) The complaint indicates that the vendee·is in possession, which is one of the benefits of the contract. She should not be permitted to continue to enjoy benefits under a contract which the vendor continues obligated to perform without fulfilling her obligations thereunder. The complaint alleges that she is in default. If any equitable

reasons exist excusing or qualifying the effect of the alleged defaults, they may be made available to the defendants, of course, by answer.

The order appealed from is reversed.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and BURKE, JJ., concur.